UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN
CARPENTERS' COUNCIL
PENSION FUND, et al.,

       Plaintiff,                               Hon. Ellen S. Carmody

v.                                                Case No. 1:11-CV-860

D.N. WEST ENTERPRISES, LTD., et al.,

       Defendant.
_____/

## OPINION

This matter is before the Court on <u>Defendants' Motion for Partial Summary Judgment</u>, (dkt. #44), and <u>Plaintiffs' Motion for Summary Judgment</u>, (dkt. #46). On December 13, 2011, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Gordon J. Quist referred this case to the undersigned. (Dkt. #12). For the reasons articulated below, Plaintiffs' and Defendants' motions for summary judgment are both **denied**.

## BACKGROUND

The following allegations are contained in Plaintiffs' complaint.[1] (Dkt. #1). Defendant D.N. West[2] Enterprises (West Enterprises) was, during the relevant time period, party to collective

---

[1] Plaintiffs are the trustees for four separate trust funds established to provide benefits to members of the Michigan Carpenters' Council. The trust funds in question are the Michigan Carpenters' Council: (1) pension fund; (2) health and welfare fund; (3) apprenticeship and training fund; and (4) annuity fund.

[2] West Enterprises was founded by Doug West in 1982.

bargaining agreements with the Michigan Regional Council of Carpenters (MRCC).  Pursuant to these agreements, West Enterprises was required to make certain contributions to the plaintiff trust funds.  An audit conducted by Plaintiffs revealed that West Enterprises owes Plaintiffs seventy-one thousand, three-hundred seventy-nine dollars and fifty-eight cents ($71,379.58).[3]

Defendant Oak Construction[4] is not party to the aforementioned collective bargaining agreements.  Oak Construction was created "in part for the purpose of allowing West [Enterprises] to benefit by being able to bid and perform work as a non-union contractor, thereby avoiding the terms of the collective bargaining agreement between West [Enterprises] and the MRCC."  West Enterprises and Oak Construction "have worked together to avoid [West Enterprises'] obligations under the collective bargaining agreement."  Because Oak Construction is the "alter ego or successor" to West Enterprises, Oak Construction is subject to the terms of the collective bargaining agreements to which West Enterprises is party.  Oak Construction and West Enterprises are, therefore, jointly liable for payment of the aforementioned amounts.  The parties have each moved for summary judgment on the alter ego issue.  Plaintiffs also seek additional relief (damages, attorneys' fees, and costs) which are obtainable only if Plaintiffs prevail on the alter ego issue.

## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the

---

[3] In subsequent pleadings, Plaintiffs assert that the amount owed has increased to more than ninety-six thousand dollars.  (Dkt. #46).

[4] Oak Construction was founded in 2007 by Holly Faler (Doug West's daughter) and her husband, Bret Faler.

respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of

the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**ANALYSIS**

The alter ego doctrine is an equitable doctrine "developed to prevent employers from evading obligations under the National Labor Relations Act merely by changing or altering their corporate form." *Trustees of Detroit Carpenters Fringe Benefit Funds v. Industrial Contracting, LLC*, 581 F.3d 313, 317-18 (6th Cir. 2009). The doctrine operates "to bind an employer to a collective bargaining agreement if it is found to be an alter ego of a signatory employer." *Id.* at 318. Courts have found alter ego operations in two contexts: (1) where the "new entity" is "merely a disguised continuance of the old employer"; and (2) where "two or more coexisting employers performing the same work are in fact one business, separated only in form."

When deciding whether two businesses are alter egos, the Court must examine "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision and ownership." *Id.*; *see also*, *Road Sprinkler Fitters Local Union No. 669 v. Dorn Sprinkler Co.*, 669 F.3d 790, 794 (6th Cir. 2012). None of these factors is dispositive, rather "all the relevant factors must be considered together." *Trustees of Detroit Carpenters Fringe Benefit Funds*, 581 F.3d at 318; *Road Sprinkler*, 669 F.3d at 794. Furthermore, evidence, or lack thereof, of "an employer's intent to evade the obligations of a collective bargaining contract is merely one of the factors to be considered and is not a prerequisite to the imposition of alter-ego status." *Road Sprinkler*, 669 F.3d at 794; *see also*, *Trustees of Detroit Carpenters Fringe Benefit Funds*, 581 F.3d at 318.

The parties insist that there do not exist any factual disputes that preclude granting summary judgment in this matter. While the parties concede that certain disputes of fact are present, they nevertheless assert that any such factual disputes are immaterial and, therefore, do not preclude granting summary judgment. The Court, however, is not persuaded.

As previously noted, a party is entitled to summary judgment if it demonstrates the absence of a "genuine dispute as to any material fact" and, furthermore, that it "is entitled to judgment as a matter of law." In the context of a motion for summary judgment, a fact is material if "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *see also*, *Stamtec, Inc. v. Anson Stamping Co.*, 346 F.3d 651, 654 (6th Cir. 2003). Given the analysis applicable to Plaintiffs' alter ego claim, any fact that noticeably bears on one or more of the aforementioned factors is, therefore, material. While the parties may be correct that a great many of the most impactful facts are not disputed, such does not necessarily lead to the conclusion that the facts that are yet disputed are immaterial. The Court concludes, therefore, that the parties have both failed to demonstrate the absence of a "genuine dispute as to any material fact" in this matter.

The parties have both likewise failed to satisfy their burden as to the second prong of the summary judgment standard. The parties' arguments in favor of summary judgment rest on inferences drawn from the undisputed facts. However, the parties have failed to establish that the inferences on which their arguments rest are the only reasonable inferences that can be drawn from such facts and, furthermore, that such inferences will not be impacted by the resolution of the material facts which are still in dispute. Accordingly, the Court concludes that the parties have both failed to demonstrate that they are "entitled to judgment as a matter of law." The Court, therefore, denies both parties motions for summary judgment.

## CONCLUSION

For the reasons articulated herein, <u>Defendants' Motion for Partial Summary Judgment</u>, (dkt. #44), and <u>Plaintiffs' Motion for Summary Judgment</u>, (dkt. #46), are both **denied**. An Order consistent with this Opinion will enter.


Date:  June 18, 2013                                            /s/ Ellen S. Carmody            
                                                                              ELLEN S. CARMODY
                                                                              United States Magistrate Judge